**Hunter BARRETT v. STATE.** (No. 12228.)

Court of Criminal Appeals of Texas. Jan. 23, 1929.

J. D. Pickett, of Palestine, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is unlawfully transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of not less than one nor more than two years.

There are no complaints, by way of bills of exceptions or otherwise, of the rulings of the court, save the refusal to grant a new trial. There was no testimony introduced by the appellant. The state's testimony is uncontroverted, and fully supports the verdict of the jury.

The judgment is affirmed.

**W. E. DAVIDSON v. STATE.** (No. 12424.)

Court of Criminal Appeals of Texas. Feb. 6, 1929.

M. Cammack and R. M. Gardner, both of Amarillo, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is bigamy; punishment fixed at confinement in the penitentiary for a period of three years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

**Willie P. DAVIS v. STATE.** (No. 12422.)

Court of Criminal Appeals of Texas. Feb. 6, 1929.

J. D. Lawrence, of Pittsburg, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is forgery; punishment fixed at confinement in the penitentiary for a period of two years.

The indictment appears regular. The record is without a statement of facts. No complaint of the rulings of the court is brought forward by way of bills of exceptions. No error has been perceived or pointed out.

The judgment is affirmed.

**Jeff DECKARD v. STATE.** (No. 12305.)

Court of Criminal Appeals of Texas. Feb. 6, 1929.

J. W. McDavid, of Henderson, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for selling intoxicating liquor; punishment being one year in the penitentiary.

No bills of exception are brought forward, complaining of anything that occurred during the trial. The only matter this court can review is the sufficiency of the evidence, and there seems to be no question about this. The state's evidence is positive as to the sale. Appellant denied it, and introduced proof of his general reputation. He also placed before the jury some evidence tending to impeach the state's witnesses. The sole issue was one of fact for the jury, which they determined in favor of the state. Nothing in the record indicates that they were not warranted in so doing.

The judgment is affirmed.